NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON SINAGWANA NSINANO, AKA Jason Nsinano,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | Nos. 16-72013<br>16-72993<br>16-73977<br>17-70854<br><br>Agency No. A208-305-638<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jason Sinagwana Nsinano, a native and citizen of Namibia, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal (No. 16-72013), of the BIA's order dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying his application for relief under the Convention Against Torture ("CAT") and his motion to reconsider (No. 16-72993), and of the BIA's two orders denying his motions to reopen removal proceedings (Nos. 16-73977 and 17-70854). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). In this consolidated appeal, we deny Nsinano's petition as to his CAT claim (No. 16-72993), grant his petition as his asylum and withholding of removal claims (No. 16-72013), and we dismiss the petitions as to Nsinano's remaining claims (Nos. 16-72993, 16-73977, and 17-70854).

In petition No. 16-72993, as to CAT relief, substantial evidence supports the agency's denial because Nsinano failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Namibia. *See id.* at 1073.

In petition No. 16-72013, we lack jurisdiction to review the contentions that Nsinano raises for the first time in his opening brief as to due process. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claim in administrative proceedings below). As to Nsinano's asylum and withholding of removal claims, substantial evidence does not support the agency's finding that the harm Nsinano experienced did not rise to the level of persecution. *See Guo v.*

*Ashcroft*, 361 F.3d 1194, 1202-03 (9th Cir. 2004); *Chand v. INS*, 222 F.3d 1066, 1073-75 (9th Cir. 2000) (record compelled finding of persecution where petitioner suffered multiple incidents of physical harm and other kinds of hardship over a period of years). Thus, we grant the petition for review as to Nsinano's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our grant and remand of Nsinano's petition as to his asylum and withholding of removal claims, we dismiss Nsinano's challenge to the BIA's denial of his motion to reconsider (No. 16-72993), and the BIA's denial of his motions to reopen (Nos. 16-73977 and 17-70854), because there is no final order of removal.

All pending motions are denied as unnecessary.

Each party shall bear its own costs for these petitions for review.

NO. 16-72013: **PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

NO. 16-72993: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

NO. 16-73977: **PETITION FOR REVIEW DISMISSED.**

NO. 17-70854: **PETITION FOR REVIEW DISMISSED.**